UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EZEKIEL RIOS, on behalf of himself, FLSA
Collective Plaintiffs and the Class,

Plaintiff,

- against -

ZION FARM LLC d/b/a DELMONICO
GOURMET FOOD MARKET, MOUNTAIN
FARMS, INC. d/b/a DELMONICO GOURMET
FOOD MARKET, BEOM Y. LEE, and KYU
OK HAN,

Defendants.

**ORDER**

19 Civ. 4363 (PGG) (KNF)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Ezekiel Rios commenced this Fair Labor Standards Act case on

May 14, 2019.  (Cmplt. (Dkt. No. 1))  On July 30, 2019, Plaintiff voluntarily dismissed as

to Defendants Mountain Farms, Inc. and Kyu Ok Han.  (Dkt. No. 13)  The case remained

open as to Defendants Zion Farm and Beom Y. Lee.  (Id., Dkt. No. 14)  There was no

activity on the docket for more than a year.  On December 7, 2020, Plaintiff was directed

to move for a default judgment as to the remaining Defendants by December 21, 2020, or

show cause why this action should not be dismissed as to the remaining Defendants for

failure to prosecute.  (Dkt. No. 15)  Plaintiff has taken no action.  Accordingly, this case

will now be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

District courts may dismiss actions for failure to prosecute under Rule

41(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 41(b).

In considering the dismissal of an action under Rule 41(b) for failure to
prosecute, a district court must consider:  "(1) the duration of the
plaintiff's failures, (2) whether plaintiff had received notice that further
delays would result in dismissal, (3) whether the defendant is likely to be
prejudiced by further delay, (4) whether the district judge has taken care to
strike the balance between alleviating court calendar congestion and

protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions."  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). . . . No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate.  See United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004). Dismissal is a "harsh remedy to be utilized only in extreme situations." Id. (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Salem v. City of New York, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2

(S.D.N.Y. Dec. 4, 2017) (collecting cases) (alterations omitted).

As to the first factor, Plaintiff's failure to prosecute spans more than a year.  After Plaintiff allowed the case to sit dormant for sixteen months, the Court ordered Plaintiff to move for default judgment by December 21, 2020.  (Dec. 7, 2020 Order (Dkt. No. 15))  That deadline passed nearly six months ago with no action by Plaintiff.  Thus, the first factor supports dismissal.  See Salem, 2017 WL 6021646, at *2 ("A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'") (quoting Peters-Turnball v. Bd. of Educ. of City of New York, No. 96-cv-4914, 1999 WL 959375, at *2, *3 (S.D.N.Y. Oct. 20, 1999)); Avila v. Comm'r of Social Security, 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute where seven months had elapsed)).

As to the second factor, the Court's December 7, 2020 Order warned Plaintiff that his claims would be dismissed for failure to prosecute if he did not move for default judgment.  (Dec. 7, 2020 Order (Dkt. No. 15))  This factor also favors dismissal.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the plaintiff has

2

already been unresponsive for a long period of time." <u>Beauford v. Doe #1</u>, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, this Court sought to protect Plaintiff's right to due process by warning that his continued failure to move for default would result in the dismissal of his claims.  (Dec. 7, 2020 Order (Dkt. No. 15))

As to the fifth factor, dismissal is the appropriate sanction.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless."  <u>Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A.</u>, No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing <u>Feurtado v. City of New York</u>, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); <u>Smith v. Human Res. Admin.</u>, No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [because c]ourt orders and direction have not prompted plaintiff to move her case forward.").

Having considered the relevant factors, the Court concludes that this action is properly dismissed for failure to prosecute.  The Clerk of Court is directed to terminate any pending motions and to close this case.

Dated: New York, New York
       June 9, 2021

                                 SO ORDERED.

                                 Paul G. Gardephe
                                 United States District Judge